UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ERICA VOLNA, INDIVIDUALLY AND AS NEXT FRIEND OF E.V., A MINOR CHILD §§§§§<br>        Plaintiff,<br>vs.<br>GRACO CHILDREN'S PRODUCTS, INC. AND INDIANA MILLS & MANUFACTURING, INC.<br>        Defendants. | Civil Action No.<br><br>JURY TRIAL REQUESTED |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COME Plaintiff, ERICA VOLNA, INDIVIDUALLY AND AS NEXT FRIEND OF E.V., A MINOR CHILD, and files her Original Complaint, complaining of GRACO CHILDREN'S PRODUCTS, INC. and INDIANA MILLS & MANUFACTURING, INC. hereinafter referred to by name or as Defendants, and for cause of action would show as follows:

### I.
### Parties

1. Plaintiff, Erica Volna, is a resident of Conroe, Montgomery County, Texas. Erica Volna is the biological mother of minor child, E.V.

2. Defendant, Graco Children's Products, Inc. is a foreign corporation doing business in the State of Texas but does not have a designated agent for service of process. Therefore, Defendant Graco Children's Products, Inc. and can be served with

summons by and through the Secretary of State at James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701. The Texas Secretary of State shall then forward this complaint by registered mail or by certified mail, return receipt requested, to Graco Children's Products, Inc.'s CFO, John B. Ellis at 6655 Peachtree Dunwoody, Atlanta, Georgia 30328.

3. Defendant, Indiana Mills & Manufacturing, Inc. is a foreign corporation doing business in the State of Texas and can be served by delivering summons and copy of this complaint to its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## II.
## JURISDICTION

4. This Court has jurisdiction of this action under 28 U.S.C. § 1332(a) in that Plaintiff is not a citizen of the same state as any defendant so that complete diversity exists. Further, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. On information and belief, Defendant Graco Children's Products, Inc. is incorporated in Georgia and has its headquarters and principal place of business in Georgia.

6. On information and belief, Defendant Indiana Mills & Manufacturing, Inc. is incorporated in Indiana and has its headquarters and principal place of business in Indiana.

7. Plaintiff Erica Volna is a citizen of the State of Texas.

9. On information and belief, diversity of citizenship exists.

10. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11. This Court has in personam jurisdiction over all Defendants pursuant to Tex. Civ. Prac. & Rem. Code § 17.041-.045.

## III.
## VENUE

12. Venue is proper in the United States District Court for the Southern District of Texas under 28 U.S.C. § 1391(b)(2) because a substantial portion of the events and omissions giving rise to this claim occurred in this district.

## IV.
## BACKGROUND FACTS

13. On September 16, 2016, MATTHEW VOLNA was driving his vehicle, with his minor daughter, E.V., north on Harpers Trace in Montgomery County, Texas and proceeded through the intersection at SH 242 with a green light. At the same time, a vehicle driven by Andrew Caskie was driving east on SH242 disregarded the red light he was facing and entered the same intersection and struck Mr. Volna's vehicle in the driver side and passenger side door area.

14. E.V., a 27 month old, 26 lb child was sitting in a rear facing GRACO MILESTONE convertible car seat on the far right side of the middle passenger back seat of the Honda Odyssey van. The GRACO car seat was properly strapped in using the INDIANA MILLS & MANUFACTURING, INC latch system.

15. As a result of the collision, the outward latch nearest the right side door became disconnected allowing the car seat to get out of position during the forces of the

collision sequence. During the collision sequence, the harness buckle strap's metal retainer ruptured through the plastic buckle slot of the seat base shell and seat pad causing E.V. to submarine downward resulting in her neck being caught by the chest clip. She was discovered in this position by the first bystanders on scene. E.V. suffered a severe traumatic brain injury as a result of her car seat failing to remain in its proper seating position and the car seat failing to retain E.V. in her proper seating position. In addition, the Volna's Graco car seat in question was not equipped with Graco's "Safety Surround" technology that was a safer alternative design that would have prevented or decreased the extent of E.V's brain injury.

16.     At the time of the incident, E.V. was restrained in Graco's® Milestone™ All-in-1 Car Seat, with the car seat rear facing in the middle row far right hand seat. The Milestone™ car seat, Model 1910130 was manufactured on October 24, 2015 and was designed, manufactured, marketed and sold by Defendant GRACO CHILDREN'S PRODUCTS, INC. The car seat was purchased new in early May of 2016. At the time of the sale of the car seat in question, Defendant GRACO CHILDREN'S PRODUCTS, INC. was in the business of designing, manufacturing and selling car seats such as the Milestone™ All-in-1 Car Seat made the basis of this suit. The Milestone™ Car Seat, Model 1910130, in question was not equipped with the Safety Surround™ side impact protection, which Graco sells in some of its car seat models including the Milestone All-in-1 Car Seat. The Volna's car seat was advertised as being "Safety Engineered" and as being "Side Impact Tested." The Volna's were not aware that GRACO offered a convertible car seat with better head protection. Specifically the Volna's were not aware

that the exact same GRACO MILESTON ALL-IN ONE car seat was also available with GRACO'S "SAFETY SURROUND" technology that GRACO represents offers its best head protection.

17. The Milestone™ Car Seat, Model 1910130 in question was equipped with the InRight™ Latch system. The InRight™ Latch system was designed, manufactured, marketed and sold by Defendant INDIANA MILLS & MANUFACTURING, INC. At the time of the sale of the car seat in question, Defendant INDIANA MILLS & MANUFACTURING, INC. was in the business of designing, manufacturing and selling latch systems as the InRight™ Latch system made the basis of this suit.

## V.
## DEFENDANTS' AGENTS AND EMPLOYEES

18. Whenever it is alleged that Defendant GRACO CHILDREN'S PRODUCTS, INC. and/or INDIANA MILLS & MANUFACTURING, INC. did any act or omission, it is meant that Defendant GRACO CHILDREN'S PRODUCTS, INC. and/or INDIANA MILLS & MANUFACTURING, INC.'s employees, agents, officers, representatives or servants did such act or failed to do such act, and at the time such act or omission occurred, it was with full knowledge, authorization or ratification of Defendant GRACO CHILDREN'S PRODUCTS, INC. and/or INDIANA MILLS & MANUFACTURING, INC. or was done in the normal and routine course and scope of employment of such person. Under the doctrine of *Respondeat Superior*, Defendants GRACO CHILDREN'S PRODUCTS, INC. and INDIANA MILLS & MANUFACTURING, INC. are liable to the Plaintiff for the conduct or omissions of their employees, agents and/or representatives.

# VI.
# CAUSES OF ACTION AGAINST DEFENDANT
# GRACO CHILDREN'S PRODUCTS, INC.

19. The GRACO car seat made the basis of this suit was originally designed, manufactured, marketed and sold by Defendant GRACO. At the time of the sale of the GRACO car seat, Defendant GRACO was in the business of designing, manufacturing and selling consumer car seats such as the car seat made the basis of this suit. At all times relevant to this suit, Defendant GRACO was in the business of manufacturing, marketing, selling, and otherwise placing into the stream of commerce consumer car seats, including the car seat made the basis of this lawsuit by transactions that are essentially commercial in character. Said Defendant GRACO designed, manufactured, marketed and sold the GRACO MILESTONE car seat as part of such business. Accordingly, Defendant GRACO IS legally responsible in strict products liability for any defects in the subject car seat including the negligent design, manufacturing and marketing of the product.

**A.    DESIGN DEFECT**

20. At the time the GRACO MILESTONE car seat was designed, manufactured, and sold by Defendant Graco the same was defective in design and unreasonably dangerous. There was a design defect in the Milestone™ Car Seat, Model 1910130 in question at the time it left the possession of Defendant GRACO CHILDREN'S PRODUCTS, INC. The defective design included but is not limited to: 1. The latch system; 2. The plastic seat base; and 3. The lack of the "Safety Surround" head protection. The defectively designed latch system allowed the latch to become

disengaged during the collision sequence. The defectively designed seat base shell did not incorporate adequately strong seat base materials to prevent rupture and disengagement of the metal retainer and allowed the metal retainer to explode through the plastic base and allowed E.V. to submarine out of position. The defectively designed head protection did not incorporate safer alternative designs which would reduce the likelihood and magnitude of head injuries such as GRACO's own patented SAFETY SURROUND protection system.

21. The lack of such designs made the car seat in question defective and constituted an unreasonably dangerous condition and was a producing cause of E.V.'s brain injuries in question and damages to the Plaintiff. Defendant GRACO knew or should have known that the GRACO car seats, such as the one involved in the incident made the basis of this lawsuit were unreasonably dangerous with the above design defects, yet continued to manufacture, design, market and sell this product to consumers which action was a producing cause of E.V.'s brain injuries in question and damages to the Plaintiff.

22. The design defect rendered the Milestone™ Car Seat unreasonably dangerous as designed, taking into consideration the utility of the product and the risk involved.

23. There was a safer alternative design that in reasonable probability would have prevented or significantly reduced the risk of the injury in question without substantially impairing the car seat's utility. The alternative design was economically and technologically feasible at the time the Milestone™ Car Seat left the control of

Defendant GRACO CHILDREN'S PRODUCTS, INC.  In fact, such safer alternative design (ie. Safety Surround™ side impact protection) was an available feature for the Milestone™ Car Seat.

24. The above design defects were a producing cause of the events made the basis of this suit and the injuries to E.V.

**B.   MARKETING DEFECT**

25. The Milestone™ Car Seat, Model 1910130 had a marketing defect at the time it left the possession of Defendant GRACO CHILDREN'S PRODUCTS, INC.

26. There were not adequate warnings of the product's dangers that were known or by the application of reasonably developed human skill and foresight should have been known.  Defendant GRACO CHILDREN'S PRODUCTS, INC. failed to give adequate instructions to avoid such dangers.  These lack of warning and instructions rendered the product unreasonably dangerous.

27. The manufacturing defect rendered the Milestone™ Car Seat, Model 1910130 dangerous to an extent beyond that which would be contemplated by the ordinary user of the product, with the ordinary knowledge common to the community as to the product's characteristics.

28. The above marketing defect was a producing cause of the events made the basis of this suit and the injuries to E.V.

**C.   STRICT LIABILITY**

29. Defendant GRACO CHILDREN'S PRODUCTS, INC. is strictly liable for the defective marketing of its Milestone™ Car Seat, Model 1910130 to its customers and

distributors and ultimate end users. With Defendant GRACO CHILDREN'S PRODUCTS, INC.'s knowledge that to a certainty, expressways and city thoroughfares the Milestone™ Car Seat, Model 1910130 would be utilized by parents wanting to provide adequate protection to their children and on state and interstate highways, Defendant should have and failed to adequately warn of the dangers of using its product without the Safety Surround™ side impact protection. Defendant should have and failed to adequately warn of the lack of the Safety Surround™ technology and with the inadequate latch system and inadequate seat bases lacking the appropriate strength to prevent rupture and disengagement of the harness buckle strap's metal retainer. Defendant should have and failed to adequately warn of the dangers of using its product without its SAFETY SURROUND technology and with the inadequate latch system and inadequate seat bases lacking the appropriate strength to prevent rupture and disengagement of the harness buckle strap's metal retainer. Defendant should have and failed to adequately warn of the lack of the SAFETY SURROUND technology and lack of adequate latch system and lack of adequate strength of its seat bases. Defendant GRACO should be strictly liable for its defective marketing in failing to adequately warn of the above dangers to its end users such as Plaintiff VOLNA. Defendant GRACO CHILDREN'S PRODUCTS, INC. should be strictly liable for its defective marketing in failing to adequately warn of the above dangers to its end users such as Plaintiff.

30.    Defendant GRACO CHILDREN'S PRODUCTS, INC. should be strictly liable for its defective marketing in failing to incorporate adequate warnings onto the Milestone™ Car Seat, Model 1910130 itself intended to reach the end users.  Such

warning on the Milestone™ Car Seat, Model 1910130 itself should have provided warning to the end users of the lack of Safety Surround™ side impact protection. Defendant should have and failed to adequately warn of the dangers of using its product without its SAFETY SURROUND technology and with the inadequate latch system and inadequate seat bases lacking the appropriate strength to prevent rupture and disengagement of the harness buckle strap's metal retainer. Defendant should have and failed to adequately warn of the lack of the SAFETY SURROUND technology and lack of adequate latch system and lack of adequate strength of its seat bases. Defendant GRACO should be strictly liable for its defective marketing in failing to adequately warn of the above dangers to its end users such as plaintiff VOLNA.

**D.     BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

31.     At the time of the incident the Milestone™ Car Seat, Model 1910130 in question was in substantially the same condition as they were at the time it was placed into the stream of commerce. As a result of the defective and unreasonably dangerous condition of the Milestone™ Car Seat, Model 1910130 in question, Defendant GRACO CHILDREN'S PRODUCTS, INC., in selling the Milestone™ Car Seat, Model 1910130 in question in such condition, breached implied warranties of merchantability and fitness, which breaches of implied warranties were a producing and proximate cause of the events made the basis of this suit and Plaintiff's injuries and damages.

**E.     NEGLIGENCE**

32.     Plaintiff would show this Court that Defendant GRACO CHILDREN'S PRODUCTS, INC., and its employees and agents, were negligent and that such

negligence was a proximate and direct cause of the incident made the basis of this suit and the Plaintiff's resulting injuries and damages.  Defendant GRACO CHILDREN'S PRODUCTS, INC.'s negligence includes, but is not limited to, the following:

    a.    Designing and selling the Milestone™ Car Seat, Model 1910130 in question without Safety Surround™ side impact protection; and

    b.    Failing to warn of the dangers of the lack of side Safety Surround™ side impact protection in the Milestone™ Car Seat, Model 1910130.

    c.    Failing to adequately test its latch system during side impact testing;

    d.    Failing to identify and correct the latch systems potential of disconnecting during a side impact crash event;

    e.    Failing to adequately test its seat base during side impact testing;

    f.    Failing to identify and correct the seat base potential for allowing the metal retainer to rupture through the plastic seat base during a side impact crash event; and

    g.    Failing to incorporate the additional head protection of the Safety Surround™ side impact protection into the specific GRACO model car seat in question.

33.    Each of these acts and omissions, singularly or in combination with each other, constitutes negligence which proximately caused the events made the basis of this suit and Plaintiff's injuries and damages.

34.    As the GRACO MILESTONE car seat was designed, manufactured, marketed and sold, and left the possession of Defendant GRACO, the car seat was defective and unreasonably dangerous and was not proper for its intended purpose, which defective and unreasonably dangerous condition was a producing cause of the E.V.'s brain injuries in question and damages to the Plaintiff.

## VII.
## CAUSES OF ACTION AGAINST DEFENDANT
## INDIANA MILLS & MANUFACURING, INC.

**A.  DESIGN DEFECT**

35. At the time the InRight™ Latch system in question was designed, manufactured, and sold by Defendant INDIANA MILLS & MANUFACTURING, INC., the same was defective in design and unreasonably dangerous with respect to its faulty latch system.  More particularly, the InRight™ Latch system in question failed to properly restrain E.V. after the impact from incident made the basis of this lawsuit.  This defective design was a producing and a proximate cause of the events made the basis of this suit and the injuries and damages to Plaintiff.

36. Defendant INDIANA MILLS & MANUFACTURING, INC. knew or should have known that the InRight™ Latch system in question was unreasonably dangerous, yet continued to manufacture, design, market and sell this product to consumers, which action was a producing cause of the events made the basis of this suit and of the injuries and damages to the Plaintiff.

37. At the time of the incident, the InRight™ Latch system was in substantially the same condition as it was at the time it was placed into the stream of commerce.  Plaintiff did not make any alterations to the car seat.

**B.   MARKETING DEFECT**

38. Both prior to and subsequent to the sale of the InRight™ Latch system in question, Defendant INDIANA MILLS & MANUFACTURING, INC., marketed the

InRight™ Latch system for safe use by the public, which action was a producing and proximate cause of the events made the basis of this suit and of the injuries and damages to Plaintiff.

### C. BREACH OF IMPLIED WARRANTIES

39. As a result of the defective and unreasonably dangerous condition of the InRight™ Latch system in question, Defendant INDIANA MILLS & MANUFACTURING, INC., in selling the car seat in question in such condition, breached implied warranties of merchantability and fitness, which breaches of implied warranties were a producing and proximate cause of the events made the basis of this suit and of the injuries and damages to Plaintiff.

### D. NEGLIGENCE

40. Defendant INDIANA MILLS & MANUFACTURING, INC. was negligent in the design, manufacturer, marketing and sale of the car seat in question which negligence was a proximate cause of the events made the basis of this suit.  Such negligence includes, but is not limited to, the following acts of omission and commission:

    a. Designing and selling the car seat with a faulty latch system; and

    b. Failing to properly and adequately test to determine the latch system's susceptibility to impacts.

41. Defendant INDIANA MILLS & MANUFACTURING, INC. committed acts of omission and commission, which collectively and severally, constituted negligence, which negligence was a proximate cause of the events made the basis of this suit and of the injuries and damages to the Plaintiff.

## VIII.
## DAMAGES

42. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff suffered serious injuries and damages. Specifically, Plaintiff suffered the following damages:

   a. Reasonable medical care and expenses in the past and which in all reasonable probability will be incurred in the future. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries to E.V. resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services;

   b. Physical pain and suffering in the past;

   c. Physical pain and suffering in the future;

   d. Mental anguish in the past;

   e. Mental anguish in the future;

   f. Physical impairment in the past;

   g. Physical impairment in the future;

   h. Loss of wages in the future, after minor reaches the age of eighteen;

   i. Loss of earning capacity that, in reasonable probability, will be sustained in the future, after minor reaches the age of eighteen;

   j. Prejudgment and post-judgment interest, and

   k. Court costs.

43. By reason of the above, Plaintiff has suffered losses and damages in an amount which has not been presently ascertained, but which is in excess of the minimum jurisdictional limits of this Court.

44.  Plaintiff seeks exemplary damages against Defendants in an amount that the jury may award in its discretion as an example to others and as a penalty or by way of punishment. The jury should be instructed that there are certain factors that they may consider which include but are not limited to the following:

   A.  The nature of the wrong;
   B.  The character of the conduct involved;
   C.  The degree of culpability of the wrongdoer;
   D.  The situation and sensibilities of the parties concerned;
   E.  The extent to which such conduct offends a public sense of justice and propriety;
   F.  The net worth of Defendants; and,
   G.  Inconvenience, attorney's fees, expenses of litigation, and other expenses not recoverable as actual damages.

45.  In that connection, the jury should be entitled to consider evidence of actual damages so as to award a proportional award of exemplary damages.

46.  Because of the damages sustained by Plaintiff in the incident made the basis of this suit, this cause is maintained. Plaintiff will ask a jury to award money damages in this case in an amount that is commensurate with her fair and just damages. Plaintiff believes those damages to be in excess of the minimal jurisdictional limits of this Court.

## IX.
## JURY DEMAND

47.  Plaintiff hereby demands a jury trial in this matter.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff pray that the Defendants be cited to appear and answer herein, and that upon final trial, they have judgment against

said Defendants with interest thereon at the legal rate, for costs of court, and for such other and further relief to which they may show themselves justly entitled.

Respectfully Submitted,

**ANTHONY PETERSON, LLP**.

By:  /s/ Brett Anthony
Brett Anthony
State Bar No. 00793272
Federal ID No. 20025
banthony@anthony-peterson.com
Douglas P. Peterson
State Bar No. 00797240
Federal ID No. 22399
dpeterson@anthony-peterson.com
500 North Water Street, Ste. 1000
Corpus Christi, Texas 78401
Telephone: (361) 687-1000
Facsimile: (361) 687-1010

**BONILLA & CHAPA, P.C.**

Ruben Bonilla, Jr.
State Bar No.: 02601000
rbon1@swbell.net
Ed Chapa
State Bar No.: 04113900
edchapa@bonilla-chapalaw.com
William Asare
State Bar No.: 24073862
b.asare@bonilla-chapalaw.com
P.O.  Box 5488
Corpus Christi Texas  78465-5488
Telephone:  (361) 881-1000
Facsimile:  (361) 881-1028

**ATTORNEYS FOR PLAINTIFF**